**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GLUX VISUAL EFFECTS TECH (SHENZHEN) CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:18-cv-00099-JRG-RSP <br> (LEAD CASE) <br><br> **JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:18-cv-00252-JRG-RSP <br> (CONSOLIDATED CASE) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S ANSWER**
**TO SAMSUNG ELECTRONICS' COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Ultravision Technologies, LLC (Ultravision"), as and for

its Answer to the Counterclaims of Defendant/Counterclaim-Plaintiff Samsung Electronics Co., Ltd.,

("Samsung"), states as follows:

**ANSWER TO COUNTERCLAIMS**

Ultravision denies all allegations contained in headings preceding individually numbered

paragraphs of Samsung's Counterclaims.  Ultravision denies all allegations to the extent not

expressly admitted.  Ultravision hereby responds to the individually numbered paragraphs of

Samsung's Counterclaims as follows:

## NATURE OF THE ACTION

Ultravision admits that the Counterclaims purport to set forth a complaint for a declaratory judgment on non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Ultravision denies that Samsung Electronics is entitled to any such declaratory judgment.

## PARTIES

1.      Ultravision admits the allegations in paragraph 60 of the Counterclaims.

2.      Ultravision admits the allegations in paragraph 61 of the Counterclaims.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '105 Patent)

3.      Ultravision admits that paragraph 62 of the Counterclaims asserts that jurisdiction arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a); admits that a justiciable controversy exists between Ultravision and Samsung Electronics concerning its liability for infringement of the '105 Patent; and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

4.      Ultravision admits that venue and personal jurisdiction are proper in this District and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

5.   Ultravision denies the allegations in paragraph 64 of the Counterclaims except admits that Ultravision alleges that Samsung has made, sold, used, offered for sale, and/or imported into the U.S. products that infringe, directly or indirectly, at least claim 1 of the '105 Patent.

6.   Ultravision denies the allegations in paragraph 65 of the Counterclaims.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '946 Patent)

7.     Ultravision admits that paragraph 66 of the Counterclaims asserts that jurisdiction arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a); admits that a justiciable controversy exists between Ultravision and Samsung Electronics concerning its liability for infringement of the '946 Patent; and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

8.     Ultravision admits that venue and personal jurisdiction are proper in this District and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

9.   Ultravision denies the allegations in paragraph 68 of the Counterclaims except admits that Ultravision alleges that Samsung has made, sold, used, offered for sale, and/or imported into the U.S. products that infringe, directly or indirectly, at least claim 1 of the '946 Patent.

10.     Ultravision denies the allegations in paragraph 69 of the Counterclaims.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '105 Patent)

11.   Ultravision admits that paragraph 70 of the Counterclaims asserts that jurisdiction arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a); admits that a justiciable controversy exists between Ultravision and Samsung Electronics concerning its liability for infringement of the '105 Patent; and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

12. Ultravision admits that venue and personal jurisdiction are proper in this District and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

13. Ultravision denies the allegations in paragraph 72 of the Counterclaims.

14. Ultravision denies the allegations in paragraph 73 of the Counterclaims.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '946 Patent)

15. Ultravision admits that paragraph 74 of the Counterclaims asserts that jurisdiction arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a); admits that a justiciable controversy exists between Ultravision and Samsung Electronics concerning its liability for infringement of the '946 Patent; and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

16. Ultravision admits that venue and personal jurisdiction are proper in this District and avers that the remainder of this paragraph contains legal conclusions to which no responsive pleading is required.

17. Ultravision denies the allegations in paragraph 76 of the Counterclaims.

18. Ultravision denies the allegations in paragraph 77 of the Counterclaims.

## ULTRAVISION'S PRAYER FOR RELIEF

WHEREFORE, Ultravision prays for the following relief against Samsung:

   A.    Entry of Judgment dismissing Samsung's Counterclaims in their entirety;

   B.    Entry of Judgment declaring the '105 and '946 Patents to be valid, enforceable, and infringed Samsung;

C.   An award of attorneys' fees and costs incurred in defending against Samsung's

Counterclaims; and

D.   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Ultravision demands a trial by jury.

Dated: July 27, 2020                                    Respectfully submitted

 */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES,
LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 27, 2020, a true and correct copy of the

above and foregoing document has been served on counsel of record via the Court's CM/ECF

system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
